<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|   |   |   |
|---|---|---|
| THOMAS JAMES CLAUSO, | : | |
| Plaintiff, | : | Civil Action No. 09-05306 (SRC) |
| v. | : | **OPINION** |
| GLOVER, *et al.* | : | |
| Defendants. | : | |

<u>**CHESLER**</u>, **U.S.D.J.**

**THIS MATTER** comes before the Court upon Defendants' motion seeking an order setting aside the defaults entered against them (docket #21). Plaintiff has opposed this motion (docket item #24). The Court, having considered the papers submitted, for the reasons set forth below, and for good cause shown, **GRANTS** Defendants' motion to vacate the defaults.

**I.      BACKGROUND AND PROCEDURAL HISTORY**

On October 19, 2009, Plaintiff Thomas Clauso filed a Complaint alleging violations of his Constitutional rights against the above named Defendants. On February 4, 2010, the Court issued a summons to Defendants Miller, Sapp and Glover. Service of the summons and Complaint was accepted on March 24, 2010 by a

representative of the Department of Corrections.  According to the declaration of Attorney General John P. Cardwell, although service was accepted, the Attorney General's Office was not informed of the impending litigation until June 9, 2010, after the entry of default.  (Decl. at 6-7.)  On June 22, 2010, Defendants filed a motion to set aside default.  (Docket item #21.)

## II.     LEGAL ANALYSIS

### A.     Defendants' Motion to Vacate Default

The decision whether to vacate a default against a party lies within the Court's discretion.  Tozer v. Charles A. Krause Milling Co., 189 F.2d 242, 244 (3d Cir. 1951).  Entry of a default is not favored and doubtful cases must be resolved in favor of the non-moving party.  United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194-95 (3d Cir. 1984).

In considering Defendants' motion to vacate the default, this Court must consider: "(1) whether the plaintiff will be prejudiced if the default is lifted; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct."  Sawadski De Bueno v. Bueno Castro, 822 F.2d 416, 419-20 (3d Cir. 1987).  The question of prejudice, when determining whether to vacate a default, concerns the loss of available evidence, whether there is increased potential for collusion or fraud, and whether the plaintiff substantially relied upon the default.  Feliciano v. Reliant Tooling Co. Ltd., 691 F.2d 653, 657 (3d Cir. 1982).  The Court finds none of those factors present in this case.  Plaintiff will not be prejudiced by

merely having to litigate a matter he hoped to prevail on by default.  Indeed, the law favors adjudicating cases on the merits.  E.g., United States v. Skalsky, 71 F.R.D. 564, 567-68 (E.D. Pa. 1976), aff'd, 556 F.2d 570 (3d Cir. 1977).  Defendants have demonstrated excusable neglect for their failure to timely respond, while Plaintiff has made no demonstration of prejudice.

### III.    CONCLUSION

For the above-stated reasons, Defendants' motion to vacate the default entered against them (docket #21) is **GRANTED**. An appropriate Order accompanies this Opinion.

    s/ Stanley R. Chesler
Stanley R. Chesler, U.S.D.J.

Dated: August 11, 2010